**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JUAN AGUILAR CORTEZ, AKA Pablo
Mendoza Martinez,

      Defendant - Appellant.

No. 23-1102

D.C. No.
2:95-cr-00020-WBS-KJN-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted March 26, 2024[**]

Before:    TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Juan Aguilar Cortez appeals pro se from the district court's orders denying

his fourth motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i),

and his supplemental motion in support of that request. We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022), we affirm.

Cortez contends that the district court (1) improperly considered retroactivity when assessing whether changes in sentencing law supported relief, (2) failed to give appropriate weight to his rehabilitative efforts and other mitigating circumstances, (3) failed to explain why his mitigating circumstances were insufficient to support release, and (4) showed improper bias in repeatedly rejecting his claims for relief. These claims are unavailing. The district court acknowledged Cortez's arguments regarding changes in sentencing law, including the reclassification of one of Cortez's prior state offenses. Although it noted that the changes in federal law were not retroactive, it expressly stated that it "does have the authority to grant a sentence reduction based on a change in the law." It nevertheless declined to do so because of the circumstances of Cortez's offenses and his extensive criminal history. Cortez's assertion that the court should have given greater weight to his mitigating arguments is insufficient to establish that the court abused its discretion. *See Wright*, 46 F.4th at 948. Moreover, the record does not support Cortez's assertion that the district court failed to explain why it found his mitigating arguments insufficient, *see id.* at 948-50, or his allegations of bias, *see Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

**AFFIRMED.**